# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | | |
|---|---|---|
| United States of America ex rel. | ) | |
|    CHARLES JENKINS, | ) | |
| | ) | |
|               Petitioner, | ) | |
| | ) | |
|      v. | ) | No. 08-1078 |
| | ) | |
| JENNIFER STOUT, Warden, | ) | |
|    Logan Correctional Center | ) | |
| | ) | |
|               Respondent, | ) | |

## ORDER

Before the Court is Petitioner Charles Jenkins's Petition for Writ of Habeas Corpus (Doc. 1). Respondent Jennifer Stout filed an Answer to Petitioner's Petition (Doc. 5). Petitioner thereafter filed a Reply to Respondent's Answer. For the following reasons, Petitioner's Petition for Writ of Habeas Corpus is DENIED.

## BACKGROUND[1]

In August 1996, Petitioner was indicted for 18 counts of aggravated criminal sexual assault and one count of permitting the sexual abuse of a child. Prior to the initiation of *voir dire*, the State announced it would only proceed on seven counts of aggravated criminal sexual assault. After jury selection was completed, the State began presenting evidence, including testimony from the victims. The next day Petitioner's trial counsel notified the trial court that

---

[1] The following background is taken from information set forth by the Illinois appellate court. See (Doc. 5-13.) These facts are "presumed to be correct," with Petitioner having the burden of rebutting the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); Whitman v. Barrow, 434 F.3d 968 (7th Cir. 2006). While Petitioner has set forth his own set of facts in his Petition, he has not disputed or rebutted the factual summary set forth by the state appellate court. Therefore, this Court will adopt the state appellate court's determination.

the parties had reached a plea agreement and Petitioner signed a guilty plea acknowledging the agreement. The plea agreement included three 46 year sentences to be served concurrently.

The trial court conducted a plea colloquy and inquired if Petitioner was aware he was pleading guilty, if he had discussed the agreement with counsel, and if he had an opportunity to read the agreement. Petitioner responded affirmatively and also stated he was aware the agreement was for concurrent 46 year sentences based on his eligibility for maximum 60 year sentences for each count. Petitioner also stated that he understood he would not be able to request a lesser sentence under the plea agreement nor did he have any questions about the agreement itself. Finally, Petitioner stated he intended to waive the pre-sentence investigation report and proceed to sentencing. After determining Petitioner understood the entire plea agreement and was entering into it voluntarily, the trial court "*conditionally* concur[red] in the plea agreement," entered a finding of guilt, and a judgment of conviction for the three counts. (Doc. 5-13 at 9) (emphasis added). The trial court decided to wait for Petitioner's blood test results before *unconditionally* concurring in the agreement.

The trial court viewed Petitioner's blood-test results and held Petitioner's sentencing hearing on January 7, 1998. Prior to unconditionally concurring in the plea agreement, the trial court allowed the prosecutor and defense counsel to present evidence of aggravation and mitigation. While the prosecutor did not present any evidence in aggravation, defense counsel presented two letters in mitigation and Petitioner gave a statement of allocution. The trial judge then asked the prosecutor and defense counsel for their sentence recommendations. Both recommended the sentence in the plea agreement. The trial court thereafter *unconditionally* concurred in the plea agreement and sentenced Petitioner to 46 years imprisonment on each

count, to run concurrently, less 541 days credit.

Post sentencing, Petitioner filed a motion to withdraw his guilty plea and last amended his motion in September 1998. The basis for the motion were three claims: (1) Petitioner's plea was not voluntarily given; (2) he was not adequately represented by counsel; and (3) he was receiving psychotropic medication at the time he entered his guilty plea. The trial court held evidentiary hearings on the motion in October and November 1998, but ultimately denied the motion. Petitioner only appealed the third claim to the state appellate court which affirmed the trial court's decision in July 2000. Petitioner thereafter filed a Petition for Leave to Appeal ("PLA") with the Illinois Supreme Court, but it was denied.

Petitioner then filed a *pro se* post-conviction petition in the McLean County Circuit Court under 725 ILCS § 5/122-1, *et seq.*, but the court summarily dismissed the petition in April 2001 for being untimely filed and the state appellate court affirmed on appeal. Petitioner again filed a PLA with the Illinois Supreme Court claiming the post-conviction petition was filed in a timely manner and the trial court exceeded its authority by dismissing the petition on timeliness grounds. The Illinois Supreme Court again denied the PLA but issued a Supervisory Order directing the state appellate court to vacate its judgment based on its decision in People v. Boclair, 789 N.E.2d 734 (Ill. 2002). In January 2003, the appellate court reversed the dismissal.

In July 2004, Petitioner's then appointed counsel filed a new post-conviction petition claiming: (1) his trial counsel coerced him into entering the plea agreement and never told him he was agreeing to an extended term sentence; (2) his trial counsel was ineffective for recommending a 46 year sentence; and (3) his appellate counsel was ineffective for not appealing the trial court's denial of his amended motion to withdraw his plea of guilty. In March

2005, the trial court granted the State's motion to dismiss for Petitioner's failure to raise the claims on direct appeal. Petitioner appealed only the first claim to the state appellate court, which affirmed in July 2006.

Petitioner then filed an additional PLA with the Illinois Supreme Court claiming: (1) Petitioner did not voluntarily, knowingly, understandingly, or intelligently enter into the guilty plea; (2) his trial counsel was ineffective because he failed to move for substitution of the trial judge when requested; (3) his trial counsel was ineffective by not cooperating with Petitioner in developing a defense, and his appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness; (4) his trial counsel was ineffective for advising Petitioner to plead guilty; and (5) he should have been submitted to a psychological or fitness examination because he was under the influence of psychotropic medication when he entered into the guilty plea and his trial counsel was ineffective for failing to require an examination.

The Illinois Supreme Court denied the PLA in November 2006, and in July 2007, Petitioner filed the instant habeas petition in the Springfield Division of the United States District Court for the Central District of Illinois. Pursuant to 28 U.S.C. § 2241(d), this case was transferred to this Court for all further proceedings.

In his Motion for Writ of Habeas Corpus, Petitioner raises the following grounds for relief:

(1) Petitioner received ineffective assistance of counsel because trial counsel:
(a) failed to move for substitution of the judge after being requested to do so; (b) failed to cooperate with Petitioner in developing and presenting a defense; (c) advised Petitioner to enter into a guilty plea during the trial claiming he would have a better chance of success on appeal; (d) failed to advise Petitioner he would be agreeing to an extended 46 year sentence.

(2) Petitioner was coerced into pleading guilty because his guilty plea was not made

voluntary, knowingly, and intelligently because he was under the influence of psychotropic medication at the time he pled guilty.

(3) Petitioner should have been allowed to withdraw his plea because:
(a) he promptly requested to withdraw his plea; (b) he was coerced into pleading; (c) he was not admonished properly after his plea; (d) he should have been submitted to an adequate psychological examination prior to entering the guilty plea because he was under the influence of psychotropic medication.

## **LEGAL STANDARD**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a writ of habeas corpus cannot issue when a state court has adjudicated the merits of a claim, unless the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). "A decision is contrary to clearly established law if the state court applied a rule that contradicted the governing law as set forth in Supreme Court cases . . . ." Williams v. Bartow, 481 F.3d 492, 498 (7th Cir. 2007). The exhaustion provision in AEDPA requires a petitioner to assert a federal claim through a complete round of state court review before bringing it in federal court. 28 U.S.C. § 2254(b)(1)(A); see also Stevens v. McBride, 489 F.3d 883, 894 (7th Cir. 2007).

Furthermore, the state court's adjudication must have "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d)(2). A petitioner must not only show the state court's decision was incorrect, but that the state court applied federal law in an "objectively unreasonable" manner. Woodford v. Visciotti, 537 U.S. 19, 24 (2002); Williams, 481 F.3d at 498. The state court's determination shall be given deference and this Court will not overrule

that decision simply if it disagrees with it.  See Fowler v. Jaimet, 349 F.3d 436, 455 (7th Cir. 2003).

## ANALYSIS

**A.  Defaulted Claims**

Petitioner has procedurally defaulted on all but two of his claims by failing to raise those claims through a complete round of the established Illinois appellate review process.  This Court finds Petitioner's only two remaining claims are:

> (1)  Petitioner did not enter into the plea agreement knowingly, voluntarily, and intelligently because he was under the influence of psychotropic medication at the time he pled guilty;
> (2)  Petitioner received ineffective assistance of counsel because his trial counsel failed to advise him he was pleading to an extended 46 year sentence.

28 U.S.C. § 2254(b)(1) requires a petitioner to utilize an entire round of the state's established appellate review process before filing a federal habeas petition so the state courts have a fair opportunity to act on such claims.  O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999). Furthermore, a petitioner must file for a discretionary review when it is standard to the appellate process.  Id. at 845.  To avoid default, a petitioner must "present both the operative facts and the legal principles that control each claim to the state judiciary."  Stevens, 489 F.3d at 894 (quotation omitted).

Here, Petitioner failed to present the procedurally defaulted claims to the state appellate court.  While Petitioner did assert each claim in his PLA to the Illinois Supreme Court, this by itself is insufficient. See Castille v. Peoples, 489 U.S. 346 (1989) (the submission of a claim solely to a state's highest court on discretionary appeal does not satisfy exhaustion requirement of § 2254).

Furthermore, Petitioner's claims do not satisfy either of the procedural default exceptions in <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991), which require Petitioner to show: (1) cause for and prejudice attributable to the procedural default; or (2) that failure to consider the claim will result in a fundamental miscarriage of justice. <u>Id.</u> To show cause, Petitioner must proffer evidence that an external objective factor impeded his counsel's efforts to comply with the procedural rules of the state. <u>Id.</u> at 753. To establish prejudice, Petitioner must affirmatively show the errors at trial worked to his actual and substantial disadvantage and infected the entire trial with constitutional errors. <u>Ouska v. Cahill-Masching</u>, 246 F.3d 1036, 1050 (7th Cir. 2001). The fundamental miscarriage of justice exception is extremely rare and simply involves the "conviction of an innocent person." <u>Hayes v. Battaglia</u>, 403 F.3d 935, 938 (7th Cir. 2005). Petitioner has the burden to demonstrate innocence so convincingly that no reasonable jury could convict. <u>Id.</u>; <u>see also</u> <u>House v. Bell</u>, 547 U.S. 518, 536-537 (2006) (a petitioner must establish, based on new evidence, that a reasonable juror would not have found petitioner guilty beyond a reasonable doubt).

Petitioner's claims do not satisfy either exception. Petitioner has failed to show cause for or any prejudice attributable to the default, nor has he claimed any external factor prevented him from presenting those claims to the state appellate court. Furthermore, Petitioner's mere assertion of innocence without proffering any evidence is insufficient. (Doc. 6 at 4.)

**B. Non-Defaulted Claims**

This Court also finds that Petitioner's two remaining claims are without merit, warranting a denial of Petitioner's Petition for Writ of Habeas Corpus.

**1. Petitioner did not knowingly, voluntarily, and intelligently enter**

**into the plea agreement.**

Petitioner claims he did not knowingly, voluntarily, and intelligently enter into the plea agreement because he was under the influence of psychotropic medication. It is established law that guilty pleas will only be accepted if those pleas were made knowingly, voluntarily, and intelligently. Brady v. United States, 397 U.S. 742, 748 (1970); Dalton v. Battaglia, 402 F.3d 729, 733 (7th Cir. 2005). Whether a plea is entered knowingly or voluntarily may be determined by considering "all of the relevant circumstances surrounding [the guilty plea]." Virsnieks v. Smith, 521 F.3d 707, 714 (7th Cir. 2008) (quoting Brady, 397 U.S. at 749). To satisfy intelligently, a defendant must be competent and made aware of the consequences of a guilty plea. St. Pierre v. Walls, 297 F.3d 617, 635 (7th Cir. 2002). In habeas petitions, the "state judge's finding of competency is entitled to deference." Id.

Here, the state appellate court concluded it was reasonable for the trial court to determine that Petitioner was competent and fit to enter into the plea agreement. The appellate court based its finding on the trial court's two-day evidentiary and fitness hearing. Although Petitioner and his wife testified that he was unfit to stand trial, Petitioner's treating psychiatrist and two of his attorneys testified otherwise and stated they had observed no behavior that would lead them to believe Petitioner was unfit for trial or unable to assist in his defense. The trial judge found the psychiatrist and attorneys' testimony more credible and reliable than that of Petitioner and his wife based on his prior observations of Petitioner and the incentive for Petitioner and his wife to testify falsely.

As discussed *supra,* this Court shall give deference to the state trial and appellate courts' findings on competency. Therefore, Petitioner must show the state courts not only made an

incorrect determination but also that they acted unreasonably. Petitioner fails to do so as he merely asserts the psychiatrist relied on his personal opinion and not his professional observations in determining Petitioner was fit to stand trial. See (Doc. 1 at 23.) There is no support for this claim nor any evidence suggesting the state courts acted unreasonably.

Furthermore, at the sentencing, the trial court extensively discussed with Petitioner his right to a jury trial, as well as the details of the plea agreement. Based on this discussion, the trial court concluded Petitioner understood the plea agreement and only then decided to unconditionally concur in the agreement. Even now, Petitioner does not assert that he did not understand the plea agreement when he was sentenced. Therefore, the record supports that Petitioner did, in fact, knowingly, voluntarily, and intelligently enter into the plea agreement.

**2. Ineffective Assistance of Counsel Claim.**

To succeed on an ineffective assistance of counsel claim, Petitioner must show two primary elements: (1) his trial counsel's performance fell below an "objective standard of reasonableness;" and (2) there is reasonable probability that without his trial counsel's unprofessional errors the result of the proceedings would have been different. Strickland v. United States, 466 U.S. 668, 688 (1984). The first element requires proof Petitioner's counsel "made errors so serious that counsel was not functioning" as required by the Sixth Amendment, with Petitioner having to overcome the presumption that the challenged action might be considered sound trial strategy. Id. at 687. The second element requires proof Petitioner's counsel's errors deprived Petitioner of a fair trial with reliable results and that the outcome would likely have been different without them. Id. at 694. Additionally, under AEDPA, Petitioner must not only show the state courts applied Strickland incorrectly, but also unreasonably. Bell v.

Cone, 535 U.S. 685, 699 (2002).

  Here, Petitioner asserts his trial counsel was ineffective because his counsel failed to advise him that he was agreeing to a 46 year sentence. However, this Court finds the trial court reasonably concluded that Petitioner both understood the plea agreement and had discussed it with counsel. At the sentencing, the trial court specifically asked Petitioner if he understood he was agreeing to a 46 year sentence and Petitioner responded affirmatively. Petitioner also signed a written guilty plea acknowledging the agreement and stated at the plea colloquy that he discussed the agreement with his trial counsel.

  Furthermore, even if this Court were to adopt Petitioner's claim that his counsel failed to advise him of the 46 year sentence, Petitioner's claim still fails. Prior to unconditionally concurring with the plea agreement, the trial court advised Petitioner that he was agreeing to a 46 year sentence and explained why he qualified for the extended sentence. The trial court also explained Petitioner's right to a jury trial and that he was waiving that right by entering into the plea agreement. Petitioner stated he understood the agreement, did not have any questions, and was willing to continue to sentencing. Even if Petitioner's trial counsel failed to discuss the plea agreement with him properly, the trial court sufficiently discussed the details of the plea agreement with Petitioner prior to sentencing. Therefore, there is no reasonable probability that the outcome of the proceedings would have been different.

## CONCLUSION

IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of Habeas Corpus is DENIED.

CASE TERMINATED.

ENTERED this 17th day of July, 2008

s/ Joe Billy McDade
Joe Billy McDade
United States District Judge
